MEMORANDUM **
Raymond Wright, a California state prisoner, appeals from the district court’s summary judgment for defendants in his 42 U.S.C. § 1983 action alleging constitutional violations in connection with an altercation with inmates and a prison official. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court’s grant of summary judgment, Barnett v. Centoni 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and its determination that a prisoner failed to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003). We affirm in part, vacate in part, and remand.
Contrary to Wright’s contention, the record shows that the district court considered Wright’s “factual assertions” and properly determined that he failed to exhaust administrative remedies or demonstrate that he was excused from doing so. See Woodford v. Ngo, 548 U.S. 81, 85, 93-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that “proper exhaustion” requires adherence to administrative procedural rules). However, Wright’s complaint should have been dismissed without prejudice. See Wyatt, 315 F.3d at 1120 (explaining that if the court concludes that a prisoner has failed to exhaust, the proper remedy is dismissal without prejudice). *721 Accordingly, we vacate the judgment to the extent it dismisses Wright’s complaint with prejudice and remand for the sole purpose of dismissing without prejudice.
Wright’s remaining contentions are unpersuasive.
Each party shall bear its own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.